## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20083-39-KHV |
| | ) | |
| HENRY MCCUSKER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On October 31, 2012, a grand jury charged defendant with conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and with conspiracy to maintain drug-involved premises in Kansas, Missouri and California.  Sealed Superseding Indictment (Doc. #462), Count 1.   On November 26, 2012, United States Magistrate Judge Laurel Beeler of the Northern District of California ordered defendant released on certain conditions.  This matter is before the Court on the government's Motion For Review Of Release (Doc. #569) filed November 29, 2012 and defendant's Notice Of Motion And Motion For Order Setting Conditions Of Pretrial Release (Doc. #596) filed December 14, 2012.  On January 22, 2013, the Court held a hearing on the motions.  For reasons stated below, the Court finds that defendant should be detained.

### Factual Background

The Court takes judicial notice of the Pretrial Services Report prepared November 13, 2012, and the proffers in defendant's motion (Doc. #596) and at the review hearing on January 22, 2013. Based on the testimony at the review hearing, the Court finds the following facts related to defendant's arrest:

On November 7, 2012, law enforcement officers went to arrest defendant at his home in Mendocino, California.  Officers repeatedly knocked on the door.  After several minutes, defendant's wife answered the door.  She was uncooperative and denied knowing where defendant was.  Defendant's eight-year-old child then said that daddy had taken the truck and gone to a nearby town (Comptche).  In an attempt to locate defendant, Detective Dustin Lorenzo of the Sheriff's Office in Mendocino County drove east from Mendocino on the Comptche Ukiah road toward Comptche.  Detective Lorenzo was driving an unmarked Ford pickup.  Near mile marker 8.5, Detective Lorenzo noticed that defendant's truck passed him going in the opposite direction.  Detective Lorenzo turned his vehicle around and proceeded westbound.  Detective Lorenzo looked at various pull-outs off the road to see if defendant had driven off the road.  Approximately a half-mile west from where Detective Lorenzo passed defendant's vehicle, through the trees he saw vehicle tail lights on a dirt trail.  As Detective Lorenzo drove closer and stopped his vehicle, he noticed that defendant was in the driver's seat and that the wheels of defendant's vehicle were spinning.  Detective Lorenzo later saw a large stump or tree trunk on the ground which prevented defendant's vehicle from going forward.

Detective Lorenzo instructed defendant to get out of his vehicle and walk toward him.  Defendant initially did not respond, but then complied.  Detective Lorenzo arrested defendant.  Detective Lorenzo noticed a strong odor of raw marijuana on defendant and in defendant's vehicle.

Defendant testified that he had pulled off the road to use his cell phone to call home and to urinate.  Defendant testified that he had previously pulled over in this area because it had good cell phone coverage.  While the area may have good cell coverage and defendant may have needed to urinate (the record does not suggest that he actually did so), the more plausible scenario is that defendant pulled off the road to avoid detection by law enforcement officers.

-2-

**Standard Of Review**

The government may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge, including the exhibits he admitted. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 257 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Where probable cause exists to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).   Once the government invokes this presumption, defendant bears the burden of producing some evidence to rebut the presumption.  See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  Even if defendant meets this burden, the Court is free to consider the presumption as a factor in determining whether to release or detain defendant.  Id. at 1355; see United States v. Frater, 356 Fed. Appx. 133, 135 (10th Cir. 2009).

The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must show by a preponderance of the evidence that defendant presents a serious flight risk.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

-4-

**Analysis**

I.      **Nature And Circumstances Of The Offense**s

Defendant is charged with a large drug conspiracy which carries a minimum term of 10 years in prison under the Controlled Substances Act, 18 U.S.C. § 801 et seq.  Accordingly, a presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).  This factor favors detention.

II.     **Weight Of The Evidence**

At the hearing on January 22, 2013, the government proffered that as part of the conspiracy, defendant arranged for large quantities of high-grade marijuana to be shipped from California to Kansas, and that he was involved in shipping more than 1000 pounds of high-grade marijuana with a street value of approximately $2.6 million.  The government proffered that six cooperators have identified defendant as a participant in the drug conspiracy.  The weight of the evidence favors detention.

III.    **History And Characteristics Of Defendant**

Defendant is 48 years old. He was born in California and has resided in Mendocino County nearly his entire life.  Defendant is married.  Since 2006, he has lived with his wife and daughter at a house in Mendocino.  Defendant has prior convictions for resisting a peace officer, fighting in a public place and driving under the influence.  It appears that defendant has been sober since 2010.  Defendant has strong family ties to Mendocino.

When officers went to arrest defendant, his wife was uncooperative and did not tell officers where he was that day.  Shortly thereafter, defendant pulled off on a remote road in an attempt to flee

or at least temporarily evade law enforcement so that he could flee by an alternative route. When defendant was arrested, Detective Lorenzo noticed a strong odor of raw marijuana on defendant and in his vehicle. The Court believes that defendant did not testify truthfully at the hearing when he testified that he was not attempting to flee. The history and characteristics of defendant favor detention.

## IV.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy involving high-grade marijuana. The evidence indicates that he was involved in the distribution of large quantities of marijuana with a street value of some $2.6 million, and that he has a prior conviction for resisting arrest. In addition, when Detective Lorenzo arrested defendant, he noticed a strong odor of raw marijuana on defendant and in his vehicle. This fact suggests that defendant may commit additional crimes involving drug distribution. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). The Court finds by clear and convincing evidence that defendant is a danger to the community.

## V.    Balance Of Factors

Defendant's strong family ties to Mendocino County favor release, but this consideration is outweighed by the other factors discussed above, which indicate that (1) defendant is implicated in the shipment of large quantities of high-grade marijuana, (2) defendant attempted to evade law enforcement officers, (3) defendant likely will continue his involvement in the distribution of marijuana and (4) defendant did not testify truthfully at the review hearing. Based on the indictment and the record before the magistrate judge including the pretrial services report, and the evidence proffered and

received at the hearing on January 22, 2013, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance as required and the safety of the community.

**IT IS THEREFORE ORDERED** that the government's <u>Motion For Review Of Release</u> (Doc. #569) filed November 29, 2012, be and hereby is **SUSTAINED**.  Defendant shall be detained pending trial.

**IT IS FURTHER ORDERED** that defendant's <u>Notice Of Motion And Motion For Order Setting Conditions Of Pretrial Release</u> (Doc. #596) filed December 14, 2012 be and hereby is **OVERRULED**.

Dated this 25th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge